FILED
Clerk
District Court
NOV 25 2026
for the Northern Mariana Islands
By________________ (Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

MILAN FRANK FARGO,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION-SAIPAN SSA OFFICE; UNITED STATES CUSTOMS AND BORDER PATROL AIRPORT CHECKPOINT; COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS DEPARTMENT OF PUBLIC SAFETY BUREAU OF MOTOR VEHICLES; NORTHERN MARIANAS HOUSING CORPORATION; and DEPARTMENT OF HOMELAND SECURITY FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendants.

Case No. 1:26-cv-00022

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before this Court is Plaintiff Milan Frank Fargo's ("Fargo") *pro se* complaint requesting "declaratory relief" pursuant to 28 U.S.C. § 2201 regarding a certificate of naturalization purportedly issued to him in 2019 and that Defendans have allegedly failed to honor in violation of Federal Rule of Evidence ("FRE") 902 and Northern Mariana Islands ("NMI") Rule of Evidence 1002 (Compl., ECF No. 2), which is supported by one 60-page exhibit (Exh., ECF No. 2-1). Fargo brings this claim against Defendants Social Security Administration-Saipan SSA Office ("Saipan SSA"), United States Customs and Border Patrol Airport Checkpoint ("CBP Airport Checkpoint"), Commonwealth of the Northern Mariana Islands ("CNMI") Department of Public Safety Bureau of Motor Vehicles ("BMV"), Northern Marianas Housing Corporation

("NMHC"), and Department of Homeland Security Federal Emergency Management Agency ("FEMA") who have all denied him benefits for his failure to produce an original certificate of naturalization. (*Id.*)

Fargo claims to be indigent and seeks to proceed *in forma pauperis*, asking this Court to waive the filing fees and payment of litigation costs. (ECF No. 1.) The Court granted Fargo's application to proceed *in forma pauperis* on October 8, 2026, and took the screening of his complaint under submission. (ECF No. 3.)

For the following reasons, the Court now DISMISSES Fargo's complaint WITHOUT PREJUDICE, and grants him leave to amend his complaint consistent with the provisions of this order.

## I. BACKGROUND

The underlying basis for Fargo's claims is the alleged failure of all Defendants to apply FRE 902 and NMI Rule of Evidence 1002 to recognize his lawful U.S. citizen status. (*See* Compl. 3–5; Exh. 1–2.) Fargo, originally from Uzbekistan, claims that he was issued his Certificate of Naturalization[1] in 2019 but that his Certificate "is not available" to him because "it is lost or whatever other wrong took the place[.]" (Exh. 1 at 10.) He claims that he has a pending application to replace to the Certificate. (*Id.*) In place of the Certificate of Naturalization, Fargo states he has a "Certificate record from [United States Citizenship and Immigration Service ("USCIS"),]" which is allegedly "self-authenticating[.]" (*Id.*) Moreover, Fargo claims that, because he does not have the original Certificate, "the [Commonwealth of the Northern Mariana

---

[1] Throughout his complaint and the corresponding evidence, Fargo identifies himself as a permanent resident of the CNMI, a non-citizen US national, and a Certificate of Naturalization holder. (*See, e.g.*, *id.* at 1–3, 28, 35, 44, 56.) Although each of these are distinct, the Court uses each term throughout this Screening Order in the same context that Fargo does in his complaint and accompanying exhibit.

Islands ("CNMI")] Evidence Rule 1002 exceptions apply to [his] case" and that the Defendants are "not honoring" the exceptions. (*Id.* (emphasis omitted).)

According to a Verification of Benefit Letter issued by SSA dated January 12, 2026, Fargo receives $506 per month since December 2025. (*Id.* at 1, 57.) However, he was previously denied Supplemental Security Income ("SSI") because the SSA office found that he "was not a United States citizen or national or in any of the eligible alien categories." (*Id.* at 59.) On review, the Administrative Law Judge on July 11, 2025, concluded that the evidence provided by Fargo— "that a Certificate of Naturalization was issued to the receipt number that was provided by [Fargo]"—does not on its own establish he had any lawful status that would qualify him for SSI. (*Id.*) The administrative appeal was dismissed "to allow [SSA] to verify the authenticity of the documents through appropriate channels." (*Id.*) Fargo alleges that the Saipan SSA office "demand[s] to show the certificate in its original form." (*Id.* at 1.)

Regarding the CBP Airport Checkpoint, Fargo states that the officers demand to see the original Certificate and will not allow him to travel internationally or to Guam. (*Id.*) Further, he alleges that the CBP officers do not "register [his] complaints." (*Id.* at 1, 39–42 (emails from Fargo to a CBP contact email).)

As to the BMV, Fargo claims that the office will not issue him a Real ID or a CNMI ID because they ask to see his Certificate of Naturalization. (*Id.* at 1, 60.) Fargo also alleges that the CNMI Election Commission have denied his right to vote because, although he is a permanent resident, the Election Commission "has kept demanding the certificate in original." (*Id.* at 1, 43–45 (emails between Fargo and a CNMI Election Commission employee in which she asks to see "the actual printout of" his Certificate of Naturalization).) Concerning the NMHC, Fargo states that they "demand[] the certificate in its original form." (*Id.* at 1.) He claims that such a

requirement "is keeping [him] homeless." (*Id.*) Finally, in regards to FEMA, Fargo alleges that he is not offered the benefits of any typhoon disaster assistance provided. (*Id.* at 1–2.)

To support his claim, Fargo provided an identification card that identifies him as a permanent resident. (*Id.* at 56.) This card was issued by the Municipality of Saipan, CNMI, not the federal government, and expired on January 26, 2024. (*Id.*) Fargo also submitted a United States Postal Service ("USPS") receipt, which shows that something was shipped to Lincoln, Nebraska—the city in which USCIS's general mailing address is located—on September 8, 2026, but the contents of this package are unknown to the Court. (*Id.* at 58.) Moreover, Fargo claims to have been issued a green card (*Id.* at 35, 40), but that this card was lost by the "Post Office 96950." (*Id.* at 40.)

Fargo argues that, by demanding the original Certificate of Naturalization, each Defendant has violated the FRE 902 and NMI Rule of Evidence 1002, which would allow the offices to use "self-authenticating" evidence *other* than his original Certificate of Naturalization to verify his legal status in the United States. (*Id.* at 1–2; FRE 902 (listing evidence that is self-authenticating, such as certified copies of public records, domestic public documents that are signed and certified, official publications, and certified records); NMI R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a Commonwealth statute provides otherwise."); NMI R. Evid. 1004 (identifying situations when an original is not required and other evidence may be admissible).) In his prayer for relief, Fargo asks the Court to grant declaratory relief in his favor against these Defendants. (Compl. 4–5.)

## II. LEGAL STANDARD

### A. Review of Pro Se Complaint Filed *In Forma Pauperis*

Because this is a civil action initiated by a pro se party filing *in forma pauperis*, the Court

must screen the complaint to determine if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), *overruled in part on other grounds in Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). As to failure to state a claim, a complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting 28 U.S.C. § 1915(e)(2)(B)(ii)'s "failure to state a claim" language "parallels the language of Federal Rule of Civil Procedure 12(b)(6)" and applying standard of review for Fed. R. Civ. P. 12(b)(6) dismissals to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). As a baseline requirement, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not include detailed allegations, but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). Even under the heightened *Twombly*/*Iqbal* pleading standard, the "'obligation' remains, 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

1985)). However, the court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal citation omitted). Leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" in the complaint. *Lopez*, 203 F.3d at 1130–31 (9th Cir. 2000) (internal citations omitted).

### B. Declaratory Judgment

"The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction." *California v. Texas*, 593 U.S. 659, 672 (2021) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950)). Declaratory judgment is a form of relief available in "a case of actual controversy." 28 U.S.C. § 2201; Fed. R. Civ. P. 57. As such, the availability of declaratory judgment or relief "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Put simply, declaratory judgment is a remedy, not a cause of action. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S 270, 273 (1941) ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Calderon v. Ashmus*, 523 U.S. 740, 744 (1998) (stating that "a declaratory judgment plaintiff need only demonstrate an independent basis of federal jurisdiction and an actual case or controversy.").

## III. DISCUSSION

The Court must first consider whether it has jurisdiction over Fargo's claims. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." On its own, a prayer for declaratory relief does not provide a court with jurisdiction. *California*, 593 U.S. at 672. "Instead, just like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement." (*Id.*) As discussed in greater detail below, the Court finds it must

dismiss the complaint for declaratory relief because the Complaint fails to sufficiently allege facts to support an underlying claim for relief.

**A. The complaint fails to state a claim on which relief can be granted.**

Generally, both the FRE and the NMI Rules of Evidence apply only to civil or certain criminal proceedings before the Court. FRE 1101(a)–(b); NMI. R. Evid. 1101(a). The scope of evidence rules is therefore limited to these court proceedings and does not extend beyond them; as a result, the evidence rules do not bind officials or employees of government offices. Resultantly, Fargo's claims that the Defendants have not followed FRE 902 or NMI Rule of Evidence 1002 because they "demand" the original Certificate of Naturalization are not founded as the identified Defendants would not be bound by the scope of the evidence rules. There are no other claims for relief, other than Fargo's continuous reemphasizing that the identified Defendants have continued to harm him and deprive him of certain rights by asking for his Certificate of Naturalization. (*See generally* Compl.; Exh.) Although Fargo included specific facts in his complaint supporting claims of injury, such as his inability to travel, his denial of SSI, and his experiences with CBP Airport Checkpoint officers, he has not identified any *legal* basis for his harm. Therefore, the complaint does not contain "more than unadorned, the defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.

Accordingly, Fargo has failed to "state a claim to relief that is plausible on its face" and dismissal of his claim is proper. *Hebbe*, 627 F.3d at 341–42; *Iqbal*, 556 U.S. at 678; *Barren*, 152 F.3d at 1194; *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.").

Even if Fargo had properly stated a claim to relief, the Court is skeptical that Fargo has presented evidence that would satisfy either evidence rule. Fargo presented to the Court a signed

letter in which he claims he was issued a Certificate of Naturalization and that he is a non-citizen US national. (Exh. 3.) This is not a self-authenticating document as it comes from Fargo himself and is not in one of the categories the FRE identifies as self-authenticating. *See* FRE 902. Fargo also submitted a document from the USCIS website that states simply, "On September 19, 2019, we issued your Certificate of Naturalization for your Form N-400, Application for Naturalization, Receipt Number IOE9799971119." (Exh. 5.) Although the document indicates a Certificate was issued, the page contains no identifying information, such as Fargo's name, date of birth, or alien registration number ("A-number"). (*Id.*) The only information in this document that is unique to the person to whom it applies is the date of issuance and the receipt number, which is not personal identifying information. This document is not self-authenticating as it is not certified, an official publication, an acknowledged document, or any other type of document that the FRE lists as self-authenticating. FRE 902. The Court is particularly concerned that there is no identifying information on this page, other than the receipt number, which does not indicate it is unique to Fargo himself. (Exh. 5.) Accompanying the USCIS document is also an email chain that states, "On September 17, 2019, [he was] issued [his] naturalization certificate at the U.S [sic] District Court of Guam." (*Id.* at 7.) Although this email chain does relate the USCIS receipt number to an A-number and to Fargo (*id.* at 6), this also is not self-authenticating under the evidence rules. FRE 902. The date on this query—September 17, 2019—also is not the same as the date that the USCIS webpage lists—September 19, 2019. (Exh. 5, 7.)

Fargo submitted a Saipan, CNMI identification card that identifies him as a permanent resident of the United States. (*Id.* at 56.) However, such identification is insufficient to establish that he ever held a Certificate of Naturalization for himself. Moreover, as previously stated, this permanent resident identification card was issued by the CNMI, not by the United States federal government, and expired in 2024. (*See id.*) The only other evidence in the record, other than

Fargo's own words in the complaint and its exhibit, that Fargo has any kind of lawful status in the United States is the letter from the SSA, which states he receives monthly payments. (*Id.* at 57; *see Can noncitizens receive Social Security benefits or Supplemental Security (SSI)?*, SOCIAL SECURITY ADMINISTRATION (Dec. 30, 2022), https://www.ssa.gov/faqs/en/questions/KA-02447.html (last visited Oct. 20, 2026).) Still, this document fails to substantiate any part of Fargo's claim.

Considering the above, Fargo's claims against all Defendants are DISMISSED WITHOUT PREJUDICE, with leave for Fargo to amend his Complaint consistent with the provisions of and concerns raised in this order.

**B. The Court does not have jurisdiction to consider Fargo's declaratory judgment request.**

Declaratory judgment is a remedy, not a cause of action, and any request for declaratory judgment requires an independent "judicially remedial right." *Schilling*, 363 U.S. at 677; *California*, 593 U.S. at 744. Because Fargo has not stated a claim on which relief may be granted, he is not eligible for declaratory judgment, and the Court does not have jurisdiction to consider his claims. *California*, 593 U.S. at 672; *Calderon*, 523 U.S. at 744. As such, Fargo's Complaint is DISMISSED WITHOUT PREJUDICE, with leave to amend consistent with the provisions and concerns in this order.

## IV. Conclusion

Based on the allegations in the Complaint and the exhibits attached, this Court concludes Fargo's complaint fails to state a claim on which relief may be granted and is therefore DISMISSED WITHOUT PREJUDICE. If Fargo seeks to pursue any claim, he must file a first amended complaint no later than **December 30, 2026**. In his first amended complaint, Fargo must cure any deficiencies noted in this order and allege sufficient facts regarding each identified

Defendant if he seeks to establish any liability on them. **Failure to comply with the provisions of this order may result in dismissal of this case with prejudice.**

IT IS SO ORDERED this 25th day of November, 2026.

RAMONA V. MANGLONA
Chief Judge